# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMAL OTHMAN, | **Case No. 1:19 Civ. 10351 (DLC) (SDA)** |
| Plaintiff, | |
| v. | ~~**[PROPOSED]**~~ |
| | **STIPULATION AND PROTECTIVE ORDER** |
| THE CITY OF NEW YORK, FORMER COMMISSIONER RET. GENERAL LOREE SUTTON, in her individual capacity, ASSISTANT COMMISSIONER JASON PARKER, in his individual capacity, | |
| Defendants. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, the terms of which shall govern the pretrial production and disclosure of all documents produced by any party or non-party to this action, and the Court being fully advised; the parties having conferred and agreed to the entry of the within Consent Order; and for good cause shown:

IT IS on this _29_ day of ___July___, 2020;

ORDERED that:

1.      Any party to this litigation ('party") shall have the right to designate as "Confidential," subject to this Order, any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, financial, sales, audit, personnel or other confidential business information, or (b) that contains confidential medical and/or personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to

protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation covered by this Order, who produces or discloses any material that has been designated as Confidential, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential").

2.      Any party shall have the right to designate any documents or information produced to and/or received from the other party and/or from third parties as "Confidential."  Any party shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any document or thing that contains highly sensitive business, personal, and/or medical information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation, who produces or discloses any material designated as Attorneys' Eyes Only, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY"" (hereinafter "Attorneys' Eyes Only"). All Confidential and Attorneys' Eyes Only material and the contents of such material shall be used by a party solely for purposes of the prosecution or defense of this action, and in no other litigation or proceeding.  Unless the Court for good cause shown, rules otherwise, Confidential information shall not be disclosed to any person other than the following qualified recipients:

    a.      Counsel retained by a party, including any paralegal, clerical or other assistant that plaintiff's counsel regularly employs and assigns to this matter;

    b.      The court reporter(s), or videographer(s) engaged by the parties to transcribe and/or record depositions the parties conduct in this matter (provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit "A");

c.      Outside experts or consultants retained by the parties' counsel for purposes of this action (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit "A");

d.      Any Court, including any appellate court, its clerks and support personnel, and court reporters;

e.      Potential or actual third-party witnesses, deponents, and/or trial witnesses, and their counsel (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit "A").  In addition, potential or actual third-party witnesses, deponents, and/or trial witnesses may be shown or examined on any information, document or thing designated Confidential if the party seeking to show the Confidential document or information in good faith determines that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by or was employed by the party who produced the information, document or thing.

f.      Any person who has previously had personal possession of the document through non-wrongful means;

g.      Outside vendors or service providers (such as copy-service providers and document management consultants) retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, e-discovery experts, consultants, and/or personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials (provided all such natural persons with direct access to the contents of the materials have signed a non-disclosure agreement in the form attached hereto as Exhibit "A");

h.      The parties to this action, or their employees, if necessary for the litigation or disposition of this action and/or strategy decisions, who are assisting with or involved in the litigation of this action;

i.      Any persons with the consent of the producing party, or by Court order, subject to the terms of this Order;

j.      Any neutral person who may be selected by the Parties, or that this Court appoints, to preside over a mediation (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit "A"); and

k.      Each party may disclose its own material to any individual or entity for any lawful purpose.

3.      Any party shall have the right to include documents that are designated as Confidential or Attorneys' Eyes Only with any motions or pleadings filed with the Court.  If either party wishes to file such documents (as well as any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential information or Attorneys' Eyes Only information), they shall seek leave to file them under seal and/or to redact the publicly filed references thereto, in compliance with Judge Cote's Individual Practices ¶ 3 titled "Electronic Filing Under Seal in Civil and Miscellaneous Cases."

4.      To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the sealing provisions of this Order from the Designating Party.

5.      Any person may be examined as a witness concerning any Confidential material, subject to compliance with the requirements of this Stipulation.

6.      Before disclosing any Confidential material to potential or actual witnesses, deponents and/or or trial witnesses, whether a party or third-party (unless subject to the exceptions of paragraph 2) counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A," hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify at deposition or at the conclusion of the case, whichever comes first. If said individual refuses to execute a copy of Exhibit "A" prior to the Confidential material being shown or disclosed to such individual, then the receiving party shall contact the producing party in order to attempt to reach a resolution regarding the disclosure of the Confidential material, prior to such Confidential Material being shown to said individual.  If a resolution cannot be reached, the receiving and/or producing parties may seek appropriate relief from the Court.  If the above-

referenced refusal is by a deponent immediately prior to or within three business days of a deposition, the party taking the deposition shall, if possible, contact the producing party in order to attempt to reach a resolution regarding the disclosure of the Confidential Material prior to the relevant deposition.  However, if it is not reasonably possible to do so prior to the relevant deposition, the receiving party and/or producing parties may seek immediate relief from the Court.

7.      Any disclosures of Confidential material to third-party witnesses, experts, and/or consultants must be necessary, in the opinion of counsel for the disclosing party, to conduct the litigation.  Such opinion shall not affect the right of the party to seek relief from the Court if the party believes that the disclosure was not necessary to the conduct of the litigation.

8.      Confidential and Attorneys' Eyes Only material shall be used only by individuals permitted access to it pursuant to this Order and the Court's Individual Practices.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, except as set forth in this Order and the Court's Individual Practices.

9.      With respect to any deposition that involve a disclosure of Confidential and/or Attorneys' Eyes Only material of a party to this action, such party shall have until fifteen (15) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential and/or Attorneys' Eyes Only, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in (and subject to the associated conditions set forth in) Paragraphs 2 and 3 and the deponent during these fifteen (15) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in (and subject to the associated conditions set forth in) Paragraphs 2 and 3 and the

deponent during said fifteen (15) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause a copy of the transcript, and or designated portion thereof, in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with paragraphs 2 and 3, or as otherwise required by this Stipulation and Order.

10.     Confidential information marked "ATTORNEYS' EYES ONLY," which designation may only be made of documents containing highly confidential or sensitive business, personal and/ or medical information, and which Attorneys' Eyes Only designation shall apply to all records obtained by Defendants from the use of Plaintiff's medical HIPAA releases provided by Plaintiff to Defendants' counsel, is subject to the same disclosure limitations set forth above for information marked "CONFIDENTIAL," and in addition, such documents and/or information marked "ATTORNEYS' EYES ONLY," may only be shared with the non-producing parties' counsel and the Court, and may not be disclosed under any circumstances to: (1) the plaintiff or individual defendants, unless produced by that party (except that all documents received by Defendants through the use of HIPAA releases provided by Plaintiff to Defendants may be shown only to Plaintiff and may not be shown to the individual defendants); or (2) any actual or potential non-expert witnesses (whether in preparation for deposition, hearing or trial testimony or otherwise), absent written consent by the Producing Party or an order of the Court.     Such permitted disclosure of information designated "ATTORNEY' EYES ONLY" to a party or witness shall not modify or diminish the effect of that designation with respect to other witnesses or uses. Further, all documents obtained by Defendants, pursuant to a HIPAA release provided by Plaintiff, shall be designated and stamped as "attorney's eyes only," and shall only be: (1) confidentially shared with the Court under seal after a joint request by the parties to file under seal; (2)

confidentially shared with counsel for the parties in the above-captioned litigation; (3) confidentially shared with an expert that a party or parties have retained for purposes of the above-captioned litigation and who signs Exhibit A; and/or (4) shared with Plaintiff.  All documents obtained by Defendants, pursuant to a HIPAA release provided by Plaintiff, shall not be shared with any of the individual Defendant(s) in the above-captioned action.

11.     The parties shall only designate documents as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" where their counsel have a good faith belief that such documents meet the requirements for such designation pursuant to this Order.

12.     If counsel for a party receiving documents or information designated as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a.     Counsel for the objecting party shall notify the designating party of its objection.  This notification must be in writing and must detail the basis for such objection.  If counsel for the designating party continues to believe that the information and/or documents should continue to be designated Confidential, the producing party shall, within 10 calendar days of receiving the written notification of objection, state in writing the grounds for asserting that the document or information is "CONFIDENTIAL"  or "ATTORNEY'S EYES ONLY."  If no written response is made to the initial written objection within 10 calendar days, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a response to the initial written objection, within the required 10 calendar days, asserting the propriety of the designation, counsel shall then confer in

good faith in an effort to resolve the dispute, after which the objecting party may apply to the Court for an order designating that the material no longer be considered Confidential and/or Attorneys' Eyes Only and/or the proponent of the designation being challenged shall present the dispute to the Court. Such application or presentation shall be initially by a request for an SDNY Local Rule 37.2 conference with the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

13.     All requests to seal or redact documents filed with the Court shall comply with Fed R. Civ. P. 5.2, and this Court's Individual Practices, and the parties shall cooperate in good faith to ensure compliance with such requirements.

14.     To the extent the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving reasonable notice to the producing party and as directed by the Court.

15.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter, if such designation is made in a good faith manner and within a good faith time frame. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure and providing a copy of the

document(s) containing the corrected designation.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Stipulation and Protective Order, if such designation is made in a reasonable and good faith manner and within a reasonable and good faith time frame.

16.     When the disclosure of any information, document or thing protected by privilege or work-product protection is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  The disclosure of such information, document or thing, regardless of the steps taken to avoid disclosure, shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product protection, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter. The disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product protection.  No such produced privileged or work product protected document or information may be used in evidence against the producing party, following notification of its status by the producing party, prior to the resolution of its status by the Court pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) or as otherwise resolved by the Court.

17.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only Confidential material under this Stipulation and Protective Order.

18.     Pursuant to Federal Rule of Evidence 502(d), the Court orders that any disclosure of privileged or protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.    This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

19.     A party may designate as Confidential or Attorneys' Eyes Only information subject to this Stipulation any document, information, or deposition testimony produced or given by any other party or non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel in writing of the Bates numbers of those documents which are treated as such at any time after actual receipt of copies of those documents by counsel for the party asserting the designation.

20.     Wherever practicable, Confidential information will be redacted or segregated to allow non-Confidential portions of documents to be treated as outside the scope of this Order.

21.     If it comes to a party or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must timely notify all other parties that it is withdrawing the mistaken designation.

22.     Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided in connection with this litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, and all Confidential Information of non-parties as contained in such documents, depositions and exhibits shall be protected hereunder in the same manner as the parties to this

lawsuit as long as the non-party agrees to be bound by this Order and any subsequent amendments to this Order.

23.     Subject to such orders as the Court may make, and subject to compliance with the provisions of this Paragraph, nothing herein shall restrict the presentation of arguments, statements, evidence, or testimony during a court hearing or oral argument, trial, or appeal. The treatment of Confidential or Attorneys' Eyes Only information during a court hearing or oral argument, trial, or appeal shall be the subject of further meeting and conferring among the parties and further Order of the court.

24.     Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that were obtained lawfully by such party, independently of the discovery proceedings in this litigation and/or through the HIPAA releases provided by Plaintiff to Defendants' counsel.

25.     Nothing herein shall preclude the use of documents, materials or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel to locate or contact any potential witness, except to the extent prohibited by law or applicable ethical rules. Nothing in this Stipulation and Protective Order is intended to or shall serve to waive or limit a party's right to review, object to the production of, withhold or redact documents, ESI or information (including metadata) for relevance and responsiveness, as permitted or required by state or federal statute, or on the basis of privilege.  Further, nothing contained herein is intended to serve to limit a party's right to make redactions to any documents consistent with Rule 5.2 of the Federal Rules of Civil Procedure.  Nothing herein is intended to serve to limit a party's right to challenge redactions made by the other party.

26.     This Stipulation and Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

27.     If a party is served with a subpoena or court order seeking disclosure of Confidential or Attorneys' Eyes Only material in its possession, the party against whom the process or inquiry is directed shall give written notice within five (5) business days of receipt of such process or inquiry to the designating party, shall promptly notify the party who caused the subpoena or court order to issue of the existence of this Stipulation and Protective Order, and shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected.  If the designating party seeks a protective order before the production deadline, the party served with the subpoena or court order shall not produce any information designated as Confidential or Attorneys' Eyes Only before a determination by the court from which the subpoena or order is issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Material.

28.     This Stipulation and Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.  Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to destroy all originals and copies of Confidential and Attorneys' Eyes Only documents; provided, however, counsel may retain complete copies of all deposition or court transcripts, expert reports, legal memoranda, correspondence, attorney work product,  pleadings, and motion papers including any exhibits attached thereto for archival purposes, subject to the continued compliance with the provisions of this Stipulation and Protective Order.  To the extent a party

requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

29.     A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

30.     For purposes of this Stipulation and Order Plaintiff may be deemed a designating and/or producing party with respect to any documents provided to Defendants by Plaintiff's medical providers pursuant to any HIPAA release provided by Plaintiff to Defendants.

31.     This Stipulation and Order shall supersede prior stipulations between the parties.

**THE UNDERSIGNED HEREBY CONSENT TO THE ENTRY OF THE WITHIN ORDER**:

THE DUGGER LAW FIRM, PLLC

28-07 Jackson Ave., 5th Fl.
Long Island City, New York 11101
Tel: (646) 560-3208
Fax: (646) 390-4524
cd@theduggerlawfirm.com

 Attorneys for Plaintiff

 BY:   /s/ Cyrus E. Dugger
         Cyrus E. Dugger

JAMES E. JOHNSON
CORPORATION COUNSEL OF THE CITY OF.
   NEW YORK
   100 Church Street
New York, New York 10007
Tel: (212) 356-2473
Fax: (212) 356-2438
kbowers@law.nyc.gov

   Attorney for Defendants

   BY:   /s/ Kerrin A. Bowers
           Kerrin A. Bowers
           Assistant Corporation Counsel

**IT IS SO ORDERED**.

_____
DENISE COTE
United States District Judge

July 29, 2020

13

Dated: _____ , 2020

_____
The Honorable Denise L. Cote

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMAL OTHMAN,                                    )
                                                 )
                          Plaintiff,             )
                                                 )        19 Civ. 10351 (DLC) (SDA)
              -v.                                )
                                                 )
THE CITY OF NEW YORK, FORMER                     )
COMMISSIONER RET. GENERAL LOREE                  )
SUTTON, in her individual capacity, ASSISTANT    )
COMMISSIONER JASON PARKER, in his individual
capacity,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

_____, being duly sworn, states that:

1.   I have carefully read the provisions of the Stipulation and Protective Order
     ("Order") in this case, signed by the Court, or have been advised of its provisions
     or contents and understand the terms thereof and I will comply with all provisions
     of the Order.

2.   I will hold in confidence and not disclose to anyone not qualified under the Order
     any Confidential and/or Attorneys' Eyes Only material or any words, summaries,
     abstracts, or indices of Confidential information disclosed to me.

3.   I will limit use of Confidential and/or Attorneys' Eyes Only material disclosed to
     me solely for purpose of this action.

4.   No later than the final conclusion of the case, I will return all Confidential and/or
     Attorneys' Eyes Only material and summaries, abstracts, and indices thereof
     which come into my possession, and documents or things which I have prepared
     relating thereto, to counsel for the party for whom I was employed or retained.

5.   I further agree to submit to the jurisdiction of the United States Court for the
     Southern District of New York for the purpose of enforcing the terms of this
     Order, even if such enforcement proceedings occur after termination of this
     action.

Date:_____

                                        _____
                                             (Signature)

                                        _____

(Print Name)

_____
(Occupation)

2